IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| GILSTRAP ENTERPRISES, INC., | ) | Case No. 17-16372-MER |
| EIN: 84-1357794, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |

**TRUSTEE'S MOTION TO SELL PROPERTY OF THE ESTATE FREE AND CLEAR OF LIENS PURSUANT TO 11 U.S.C. § 363(f)**

Jared Walters, Chapter 7 Trustee ("Trustee"), through undersigned counsel, for his Motion to Sell Property of the Estate Free and Clear of Liens Pursuant to 11 U.S.C. § 363(f) (this "Motion"), states:

1.  On December 12, 2016, the District Court in Garfield County Colorado appointed Cordes & Company as Receiver for real and personal property located at 23899 Highway 6 & 24, Rifle, Colorado under case number 2016CV30272.

2.  On July 11, 2017, Gilstrap Enterprises, Inc. (the "Debtor") filed its voluntary petition for relief under chapter 7 of Title 11, U.S.C. (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Colorado.

3.  Jared C. Walters is the duly appointed chapter 7 trustee in the Debtor's Bankruptcy Case.

4.  On September 29, 2017, the Court granted Academy Bank's motion for relief from stay concerning real property located at 23899 Highway 6 & 24, Rifle, Colorado. *See* Dkt. #40. On November 2, 2017, the real property was sold at a public trustee sale to Master Petroleum Company, Inc. for $1,669,450.00.

5. There is additional personal property (i) not subject to the foreclosure sale and (ii) property of the bankruptcy estate under 11 U.S.C. § 541.

6. Specifically, the personal property includes the remaining tangible personal property, including but not limited to fuel, lubes, tables, chairs, other office furniture, office fire safety equipment, office fixtures, used computer equipment, aboveground storage tanks, contents within all the aboveground storage tanks, fuel pumps, filters, gasoline dispensers, hoses, dispensers, and equipment for storing and dispensing oil and gas (collectively, the "Personal Property").

7. The Trustee has agreed to sell, subject to Court approval, the Personal Property to Master Petroleum Company, Inc. (the "Buyer") for $10,000. Through this Motion, the Trustee seeks Court approval for the Agreement for Purchase and Sale of Personal Property (the "Agreement"), attached as **Exhibit A**.[1]

## RELIEF REQUESTED AND LEGAL AUTHORITY

8. Section 363 of the Bankruptcy Code authorizes a trustee to sell assets of the estate other than in the ordinary course of business. *See* 11 U.S.C. 363(b)(l); Fed. R. Bankr. Pro. 6004(f)(1) ("All sales not in the ordinary course of business may be by private sale or by public auction."). The decision to sell assets outside the ordinary course of business must be based upon sound business judgment. *See In re Castre, Inc.*, 312 B.R. 426, 428 (Bankr. D. Colo. 2004).

9. A chapter 7 trustee receives "ample discretion to administer the estate, including authority to conduct public or private sales of estate property." *See In re Psychrometric Systems, Inc.*, 367 B.R. 670, 674 (Bankr. D. Colo. 2007) (quoting *In re Bakalis,* 220 B.R. 525, 532

---

[1] The Trustee has disclosed pertinent portions of the Purchase and Sale Agreement in this Motion, but parties should review the Agreement and all its provisions in detail.

2

(Bankr. E.D.N.Y. 1998). "In evaluating whether a sound business purpose justifies the use, sale or lease of property under Section 363(b), courts consider a variety of factors, which essentially represent a 'business judgment test.'" *Dai-Ichi Kangyo Bank, Ltd. v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.)*, 242 B.R. 147, 153 (D. Del. 1999); *Castre,* 312 B.R. at 428. The Trustee's business judgment must be given "great judicial deference." *See In re Psychrometric Systems, Inc.*, 367 B.R. at 674 (citing *In re Bakalis*, 220 B.R. at 531-32).

10. The Trustee believes the proposed sale of the Personal Property for $10,000 is prudent and in the best interests of its estate. Since the Buyer also purchased the real property, it is the most suitable and efficient Buyer of the accompanying personal property. The Buyer has agreed to purchase the Personal Property for $10,000. The Buyer has been informed of the bankruptcy process, and that the Trustee may receive a higher offer during the 21-day notice period under Fed. R. Bankr. P. 2002. *See* Ex. A, at 2 ¶ 4.

11. The Court is aware of the Trustee's knowledge of the real property at issue, and the competing views held by the Trustee and Academy Bank, among others, regarding the value of the real property. Based on these efforts and the Trustee's knowledge of the Personal Property, the Trustee submits that the proposed sale is fair, beneficial to the estate, and $10,000 is appropriate consideration. The Agreement provides for standard provisions for a sale of this type, include mutual releases and indemnification. *See id,* at 3 ¶¶ 8, 10. Moreover, closing the sale to the Buyer under these circumstances is the most efficient and economical result for the estate and its creditors.

12. The Trustee is informed and believes the Personal Property is not subject to any liens or encumbrances. Debtor did not schedule the existence of any lien holder or secured creditor and, through the 11 U.S.C. § 341 meeting and additional discussions directly related to

this sale, has not given any indication that the Personal Property is subject to any liens or encumbrances. Trustee therefore submits that the Personal Property may be sold free and clear of liens, claims, and interests under 11 U.S.C. § 363(f).

13. The Buyer is not related to the Debtor or Trustee, or otherwise an insider of the Debtor or any of its related entities, affiliates, or related to its equity security holders. The proposed sale was negotiated at arms' length and in good faith as contemplated by 11 U.S.C. § 363(m).

14. The Trustee has fully disclosed and requested this Court's approval of the terms of the proposed sale of the Personal Property, and has provided notice as required by the Bankruptcy Rules, the Local Bankruptcy Rules, and as otherwise directed by the Court. *See In re Colony Hills Assocs.*, 111 F. 3d 269, 276-77 (2nd Cir. 1997). If a higher offer is received during the notice period, the Trustee will consider it and determine whether it is a higher and better offer than provided by the Buyer.

## CONCLUSION

15. Overall, the Trustee believes that the proposed sale of the Personal Property, free and clear of liens, claims, and interests, is appropriate and beneficial to the estate. The sale will assist with liquidation and administration of the estate, and maximize value for all creditors in the Debtor's bankruptcy case.

16. The Trustee also respectfully requests that the Court waive the stay provided by Fed. R. Bankr. P. 6004(h) so, once approved by the Court, the Trustee and Buyer may promptly close the transaction.

WHEREFORE, the Trustee respectfully requests that the Court enter an order granting this Motion and authorizing the sale of the Personal Property on the terms set forth herein pursuant to 11 U.S.C. § 363(f), authorizing the Trustee to execute such documents as required to

convey the Personal Property to the Buyer, and granting such other and further relief as deemed proper.

Dated: November 30, 2017.  **LINDQUIST & VENNUM LLP**

By: /s/ *Ethan J. Birnberg*
Ethan J. Birnberg, #43343
600 17th Street, Suite 1800 South
Denver, CO, 80202-5441
Telephone: (303) 573-5900
Facsimile: (303) 573-1956
Email: ebirnberg@lindquist.com

*Counsel for Jared Walters, Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

      I hereby certify that on November 30, 2017, true and correct copies of the foregoing **TRUSTEE'S MOTION TO SELL PROPERTY OF THE ESTATE FREE AND CLEAR OF LIENS PURSUANT TO 11 U.S.C. § 363(f)** were served via First-Class US Mail, postage prepaid, to the addresses on the attached list.

                                            /s/ *Brandon Blessing*

DOCS-#6119788-v1

| | | |
|---|---|---|
| Label Matrix for local noticing<br>1082-1<br>Case 17-16372-MER<br>District of Colorado<br>Denver<br>Thu Nov 30 11:29:02 MST 2017 | 625 Water<br>137 W 2nd St<br>Rifle, CO  81650-2201 | Academy Bank, N.A.<br>Markus Williams Young and Zimmermann LLC<br>1700 Lincoln Street<br>Suite 4550<br>Denver, CO 80203-4509 |
| Academy Bank, NA<br>1 S Tejon St<br>Colorado Springs, CO  80903-1505 | All Copy Products<br>503 Colorado Ave<br>Grand Junction, CO  81501-2605 | Alsco, Inc.<br>702 S 9th St<br>Grand Junction, CO  81501-3736 |
| Avalanche Computers, Inc.<br>PO Box 126<br>New Castle, CO  81647-0126 | B&F Distributing, Inc.<br>560 Bentwood St<br>Grand Junction, CO  81504-6099 | Bailey's Garage Doors<br>PO Box 211<br>New Castle, CO  81647-0211 |
| Ethan Birnberg<br>600 17th St., Ste. 1800 South<br>Denver, CO 80202-5402 | City of Rifle<br>Attn: Payments<br>202 Railroad Ave<br>Rifle, CO  81650-2218 | Commercial Specialists, Inc.<br>601 Mulberry St<br>Grand Junction, CO  81501-5728 |
| Dennis & Company PC<br>8400 E. Crescent Parkway<br>Ste. 600<br>Greenwood Village, CO 80111-2842 | Eaton Sales and Services<br>4803 York St<br>Denver, CO  80216-2211 | First Call Comunications<br>3768 CO-82<br>Glenwood Springs, CO  81601 |
| Gilstrap Enterprises, Inc.<br>PO Box 2443<br>Glenwood Springs, CO 81602-2443 | Interstate Energy, Inc.<br>685 S Main St<br>Brighton, CO  80601-3045 | Jeffery O. McAnallen<br>MARKUS WILLIAMS YOUNG & ZIMMERMANN LLC<br>1700 N Lincoln St Ste 4550<br>Denver, CO  80203-4509 |
| Kathleen Gilstrap<br>2501 Cisar Ct # 1G<br>Glenwood Springs, CO  81601-4169 | Liberty Mutual Insurance<br>Liberty Life Assurance Company of Boston<br>100 Liberty Way<br>Dover, NH  03820-4597 | Lois Gilstrap<br>2512 Pierce Ave<br>Grand Junction, CO  81505-7178 |
| James T. Markus<br>1700 Lincoln St.<br>Ste. 4550<br>Denver, CO 80203-4509 | Jeffery O. McAnallen<br>1700 Lincoln St.<br>Suite 4550<br>Denver, CO 80203-4509 | Oddo Engineering<br>713 Cooper Ave # 200<br>Glenwood Springs, CO  81601-3425 |
| Steven R. Rider<br>1700 Lincoln St.<br>Ste. 4550<br>Denver, CO 80203-4509 | Benjamin R. Skeen<br>Skeen & Skeen, P.C.<br>217 East 7th Avenue<br>Denver, CO 80203-3504 | The Drawing Board<br>818 Colorado Ave<br>Glenwood Springs, CO 81601-3324 |
| Tri County Fire Protection<br>3159 Baron Ln<br>Rifle, CO  81650-8520 | Turner & Perry, P.C.<br>300 Main St # 202<br>Grand Junction, CO  81501-2404 | US Trustee<br>Byron G. Rogers Federal Building<br>1961 Stout St.<br>Ste. 12-200<br>Denver, CO 80294-6004 |

```
Jared Walters                          Wimactel Inc.
PO Box 804                             2225 E Bayshore Rd Ste 200
Eagle, CO 81631-0804                   Palo Alto, CA  94303-3220
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(d)Jared Walters                       End of Label Matrix
PO Box 804                             Mailable recipients    31
Eagle, CO 81631-0804                   Bypassed recipients     1
                                       Total                  32
```